132 F.3d 36
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
SECURITIES AND EXCHANGE COMM'N, Plaintiff-Appellee,
v.
Frank J. CUSTABLE, Jr., Defendant-Appellant.
 No. 97-1136.
 United States Court of Appeals, Seventh Circuit.
 Submitted November 24, 1997.*
Decided November 25, 1997.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 94-C-3755; John A. Nordberg, Judge.
 Before COFFEY, EASTERBROOK and KANNE, Circuit Judges.
 
 
 1
 The SEC sued Frank Custable, Jr., and F.C. Financial Corp. ("FCF"), an investment services corporation of which Custable is the president and sole owner, alleging numerous securities law violations.[1] Custable, FCF and the SEC subsequently executed a settlement agreement under which Custable and FCF consented, in relevant part, to disgorge $325,000 in profits bilked from investors, and to pay $30,000 for the repair and maintenance of collateral properties for some of the investments. Pursuant to the agreement, the district court retained jurisdiction over the matter to determine "the appropriate amount, if any, of prejudgment interest and civil penalties" to be imposed. The parties were requested to brief the issue of "the appropriateness of prejudgment interest and civil penalties." Both sides complied.
 
 
 2
 After extensive analysis in which a number of factors were balanced, the district court imposed a $60,000 civil penalty (far less than the $325,000 sought by the SEC) but denied the SEC's motion for imposition of prejudgment interest. The court explained that because Custable had intentionally defrauded investors and was a recidivist securities law violator, a civil penalty was appropriate. On the other hand, because many investors were receiving some return on their investments, the court declined to impose prejudgment interest as additional compensation for the victims of Custable's scheme.
 
 
 3
 Custable then filed a motion for reconsideration in which he argued that the briefing of the penalties and interest questions breached an "essential term" of the settlement agreement: that the SEC "would forbear from taking any action to encourage the court to assess a civil penalty and would, instead, leave it entirely in the hands of the court to decide whether or not a penalty was appropriate." He further alleged that he had been fined for conduct that did not constitute a violation of the federal securities laws, and therefore moved the court to set aside both the settlement agreement and the civil penalties. On December 26, 1996, the district court rejected his arguments and denied his motion for reconsideration, noting pointedly, "Custable would have this Court believe that he actually reached an agreement with [the SEC] to the exact contrary of the two agreements signed by the parties and entered by the Court" two years earlier.
 
 
 4
 On appeal, Custable again seeks to set aside both the settlement agreement and the civil penalty imposed by the district court. His brief, however, consists of the same arguments--verbatim--that he raised unsuccessfully before the district court in his motion for reconsideration. He offers no developed legal argument or citation to the record, nor does he provide reference to supporting legal authority to substantiate his claims. See Fed.R.App.P. 28(a)(6); United States v. Green, 114 F.3d 613, 620 (7th Cir.1997); Griffin v. City of Milwaukee, 74 F.3d 824, 828 (7th Cir.1996); John v. Barron, 897 F.2d 1387, 1393 (7th Cir.1990). He has thereby waived appellate review of his arguments.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir. R. 34(f)
 
 
 [1]
 FCF is no longer a party to this appeal. The corporation was dismissed under an order entered on March 24, 1997, because no attorney had entered an appearance on behalf of FCF